NU BONE CORSET CO. et al. v. SPIRELLA CO.

(Circuit Court of Appeals, Third Circuit. January 24, 1911.)

No. 1,420.

PATENTS (§ 328*)—INFRINGEMENT—CORSET STAY.

 The Beeman patent, No. 507,875, and the White and Rider patent, No. 645,444, each for a dress or corset stay made of a single wire, bent into loops which overlap and come into contact with each other, are neither of them infringed by the device of the Dean patent, No. 868,763, in which two or three interlocking wires are used.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by the Spirella Company against the Nu Bone Corset Company and others. Decree for complainant (180 Fed. 470), and defendants appeal. Reversed.

Hugh C. Lord, for appellants.
Frederick W. Winter, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LANNING, Circuit Judge. By the decree of the court below the defendants, the appellants here, were adjudged infringers of the two patents in suit. They are both for corset stays or stiffeners, one being the Beeman patent, No. 507,875, dated October 31, 1903, and the other the White and Rider patent, No. 645,444, dated March 13, 1900.

The only claim of the Beeman patent is as follows:

"As an improved article of manufacture, a dress stay comprising a body consisting of a wire bent to form a series of oppositely disposed pear-shaped eyes, each side of which normally bears against and partly overlaps the adjacent side of the adjoining eye, and a protecting covering secured to and inclosing said body, as specified."

The White and Rider patent has two claims, of which the first claim only is here in suit. It is as follows:

"A garment stay or stiffener formed from a single piece of wire capable of being flexed in all directions, and comprising a series of flattened loops or convolutions overlapping one another, said stay or stiffener being bent longitudinally between its edges, whereby the said overlapped portions of the convolutions are brought into more intimate contact with each other and the stay or stiffener rendered more rigid, substantially as described."

Each of these claims calls, it will be observed, for the use of a single wire only. The defendants' stay or stiffener is composed of a plurality of wires. In some of their stays two wires, and in others three wires, are used. The single wire of the complainant's stay is so bent that each of its pear-shaped eyes or loops partly overlaps and comes into contact with the sides of the adjoining eyes or loops. If, however, we take a single wire of the defendants' two-wire structure, or a single wire of their three-wire structure, and trace such wire through the structure itself, we find that the loops in such wire are not pear-shaped, and do not bear against, or to any extent overlap, any of the other loops in the same wire. There is contact between the successive loops of the defendants' two-wire and three-wire structures; but such contact is produced by the peculiar method of bending and interlocking the wires of their several structures, and not, as in the complainant's patents, by the overlapping of the loops of a single wire.

We cannot, by construction, enlarge a claim of a patent beyond the fair meaning of its language. If a patentee discloses in his specification an invention not sufficiently covered by the claims of his patent, he may, if the limited character of the claim is the result of inadvertence, accident, or mistake, surrender his patent and apply for a reissue, with a claim or claims sufficiently definite and exact to cover the whole of his invention. If he fails to do that, the part of his invention outside of his claims belongs to the public. While, therefore, we must give to the claims of the patents in suit such construction as the language employed in them reasonably demands, they cannot cover the defendants' structures, unless those structures are the mechanical equivalents of the single-wire structure described in the two claims of the two patents in suit. We think, they are not such equivalents. There are fundamental differences in the stays of the complainant and the defendants. The complainant has one wire; the defendants have two or three wires. The eyes or loops of the complainant's single-

wire structure partially overlap one another; the eyes or loops of any one of the wires of the defendants' structures do not overlap one another. The eyes or loops of the complainant's single-wire structure come into contact because of their overlapping; the eyes or loops of the defendants' structures come into contact because of the plaiting or interlocking of their plural wires. The complainant's single-wire structure has a protecting covering, which is secured to and incloses the whole of the wire structure, the manner in which it is so secured being stated in the specification to be by pasting or securing a piece of fabric upon the front or back, or both, of the wire structure; the defendants' structures have no covering, pasted or otherwise, secured thereto, the naked wire structures being merely inserted into a pocket composed of a piece of fabric.

It is true that a mere splitting up of the parts of a patented structure, the functions remaining the same, does not avoid infringement. But we do not find such a splitting up of parts by the defendants in the present case. We think there would be little profit in discussing at any length the principles upon which the structures of the complainant and of the defendants operate. It has been done by the experts and by counsel in their briefs. That the stiffness and resiliency of the defendants' structures are the result, in part, of the same causes that produce resiliency and stiffness in the complainant's structures, may, for the purposes of the argument, be conceded. But there is another element in the defendants' structures which contributes to their stiffness and resiliency, and that is the interlocking of the different wires. The defendants' structures, therefore, are not the equivalents of the complainant's. The complainant's claims are narrow. The defendants' structures utilize elements not found in either of the complainant's patents. There is nothing in either of the complainant's patents that would apprise other inventors or the public that the complainant's invention includes or embodies two-wire or three-wire structures with interlocking loops. It seems to us this disposes of the case, and necessarily leads to the conclusion that the defendants do not infringe either of the claims of the complainant's patents.

The decree of the Circuit Court must accordingly be reversed, and the record remitted, with instructions to enter a decree dismissing the bill of complaint. The defendants are entitled to costs in both courts.